**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000420
15-FEB-2017
08:16 AM**

NO. CAAP-13-0000420

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LISA DURDA, Plaintiff-Appellee, v.
ION GENIUS, INC., a Hawai'i corporation,
Defendant-Appellant, and XANYA SOFRA-WEISS,
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10, Defendants,
and
ION GENIUS, INC., a Hawai'i corporation, and
XANYA SOFRA-WEISS, Third-Party Plaintiffs-Appellants, v.
GENA COSTALES, Third-Party Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-0241)

MEMORANDUM OPINION
(By: Nakamura, C.J., and Reifurth and Ginoza, JJ.)

In an appeal arising out of an alleged breach of contract, Defendants/Third-Party Plaintiffs-Appellants Ion Genius, Inc. and Xanya Sofra Weiss (collectively, "Ion") appeal from the March 21, 2013 "Order Denying Defendant Ion Genius, Inc.['s] Motion for Amendment of Judgments Dismissing [Third-Party] Complaint Against Gena Costales, With Prejudice, and Judgment in Favor of Lisa Durda [or] Motion for Reconsideration, Filed March 7, 2013"[1] ("March 21, 2013 Order"), and the February 13, 2013 "Order Granting Plaintiff's Motion to Dismiss Third-Party Complaint and Entry of Final Judgment" ("February 13, 2013 Order"), issued by the Circuit Court of the First Circuit ("Circuit Court").[2]

This appeal does not challenge the judgment and award of costs and fees entered in favor of Plaintiff-Appellee Lisa

---

[1]    Original brackets in the title of the order have been omitted.

[2]    The Honorable Karl K. Sakamoto presided.

Durda and against Ion, and is limited to Ion's challenge to the dismissal with prejudice of its third-party complaint against Third-Party Defendant-Appellee Gena Costales. Ion asks this court to set-aside the portion of the March 21, 2013 Order and the February 13, 2013 Order pertaining to the dismissal of the third-party complaint against Costales with prejudice, and that the case be remanded to another trial court judge. We vacate the February 13, 2013 Order, and vacate in part the February 25, 2013 Final Judgment and the March 21, 2013 Order. We remand for further proceedings consistent with this memorandum opinion.

I.    BACKGROUND

In July 2009, Durda was interested in purchasing an Arasys Inch Loss System ("Machine") from Ion. Ion put Durda in contact with its sales representative, Costales. Ion and Costales had an agreement that Costales would be paid a commission for her work in facilitating the sale of the Machine to Durda. Durda entered into an agreement with Ion to purchase the Machine for $20,300, and for Costales to hand-deliver and train Durda on how to use it. Durda paid Ion for the Machine, and Ion shipped the Machine to Costales in Las Vegas, Nevada. Costales disputed the amount of commission Ion was supposed to pay her, and subsequently did not deliver the Machine to Durda. Durda requested a refund from Ion, but Ion refused. Ion told Durda that it was her responsibility to retrieve the Machine from, and to file criminal charges against, Costales.

On February 2, 2010, Durda filed a complaint against Ion for breach of contract and five other causes of action. Ion filed an amended answer to Durda's complaint, and filed a third-party complaint against Costales on May 8, 2011. Ion personally served Costales with a copy of the summons and third-party complaint on September 19, 2011. On November 9, 2011, Durda filed a Notice of Trial Setting Status Conference, which she served on Ion, but which was not served on Costales. The Circuit Court filed a Trial Setting Status Conference Order of November 28, 2011, which set the trial date for May 7, 2012. The order was signed by Durda and Ion, but not Costales presumably

2

because Costales was not represented at the trial setting conference. After a motion made by Ion, the clerk of the court granted an entry of default against Costales on April 19, 2012.

On May 7, 2012, the Circuit Court conducted a one-day bench trial on Durda's complaint and Ion's third-party complaint against Costales.[3/] The Circuit Court encouraged the parties to work out a settlement and the matter was taken under advisement. Costales did not receive notice of the trial setting, and thus did not appear at trial to challenge Ion's third-party claim for damages. On June 19, 2012, a minute order was issued ordering the parties to submit their proposed findings of fact and conclusions of law no later than July 3, 2012 since neither party had informed the court of any settlement.

On July 11, 2012, the Circuit Court issued its Findings of Fact and Conclusions of Law and Order ("FOFs/COLs") that determined, in part, that Ion breached the contract formed between Durda and Ion by failing to deliver the Machine to Durda. On July 23, 2012, subsequent to the conclusion of the trial and the issuance of the Circuit Court's FOFs/COLs, Ion filed both a motion for default judgment against Costales, in which Ion asked for all damages requested in the third-party complaint, and a motion for reconsideration from the July 11, 2012 FOFs/COLs. On August 29, 2012, the Circuit Court entered an order denying Ion's July 23, 2012 motion for reconsideration.

Although no final judgment was filed, on September 26, 2012, Ion filed a notice of appeal to this court from the August 29, 2012 order denying Ion's motion for reconsideration. On November 9, 2012, this court dismissed the initial appeal for lack of jurisdiction. On October 24, 2012, Ion filed a Notice of Withdrawal of Motion for Entry of Default Judgment. On November 7, 2012, Costales filed an answer to Ion's third-party complaint.

---

[3/] Ion failed to include transcripts in the record on appeal for any of the hearings or the trial held by the Circuit Court. Transcripts, however, are not always necessary for appellate review, if "it is possible to determine that the court erred without recourse to the transcript." *Thomas-Yukimura v. Yukimura*, 130 Hawai'i 1, 10 n.19, 304 P.3d 1182, 1191 n.19 (2013).

On November 9, 2012, Durda filed a Motion to Dismiss Third-Party Complaint and Entry of Final Judgment ("Motion to Dismiss") in which she sought either entry of an order dismissing the third-party complaint or an order certifying the FOF/COL as a final judgment under Hawai'i Rules of Civil Procedure ("HRCP") Rule 54(b). At a hearing on December 7, 2012, Ion sought a continuance of the court's consideration of the motion because they were working with Costales to settle the third-party complaint. Ion and Costales placed contingent settlement terms regarding the third-party complaint on the record, agreeing to a resolution no later than December 21, 2012. On December 21, 2012, Ion requested and the Circuit Court granted a time extension to depose Costales. On February 6, 2013, after receiving no update from Ion, the Circuit Court notified the parties that it would rule on Durda's Motion to Dismiss on February 12, 2013. On February 6, 2013, by telephone, Ion represented to the Court that any issues regarding the third-party complaint would be resolved by February 11, 2012. On February 11, 2012, Ion again requested an extension from the Circuit Court.

On February 13, 2013, the Circuit Court issued its "Order Granting Plaintiff's Motion to Dismiss Third-Party Complaint and Entry of Final Judgment." In it, the Circuit Court determined that Ion failed to ask for a ruling on its third-party complaint, which the Circuit Court considered as a "failure to prosecute, warranting a dismissal of the Third-Party Complaint." The Circuit Court issued its Final Judgment on February 25, 2013, in which it dismissed the third-party complaint against Costales with prejudice ("February 25, 2013 Final Judgment").

On March 7, 2013, Ion filed a motion for reconsideration, requesting that the Circuit Court "set aside the order dismissing the Defendant's Third-Party Complaint against Gena Costales, with prejudice," or, alternatively, to amend the order to dismiss the third-party complaint without prejudice. The Circuit Court then issued its March 21, 2013 Order denying Ion's motion for reconsideration. Accordingly, Ion's April 22, 2013 Notice of Appeal was timely filed.

## II.  STANDARD OF REVIEW

*Dismissal under HRCP Rule 41(b)*

"The review of a dismissal under HRCP Rule 41(b) is for abuse of discretion, and absent deliberate delay, contumacious conduct or actual prejudice[,] an order of dismissal cannot be affirmed.  *In re Blaisdell*, 125 Hawai'i 44, 48, 252 P.3d 63, 67 (2011) (quoting *Jungblut v. Nishio*, No. 29997, 2010 WL 3866029, at *5 (Haw. App. Sept. 30, 2010)).  "[T]o constitute an abuse of discretion a court must have clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  *Id.* (quoting *Amfac, Inc. v. Wakiki Beachcomber, Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 26-27 (1992)).

## III. DISCUSSION

Ion asserts that the Circuit Court "committed reversible error in dismissing the complaint with prejudice."[4] Ion further asserts that there is evidence that shows that they made persistent efforts to move the case forward, and that it was Costales who was dilatory.  Ion relies on *In re Blaisdell* and cases from other jurisdictions to support its argument.  Ion's argument has merit.

HRCP Rule 41(b) provides:

---

[4]    Ion's opening brief fails to adhere to the requirements of Hawai'i Rules of Appellate Procedure ("HRAP") Rule 28(b).  Ion's opening brief does not contain any references to the record.  Haw. R. App. P. 28(b)(3) (an opening brief requires "record references supporting each statement of fact or mention of court or agency proceedings"); *Kamaka v. Goodsill Anderson Quinn & Stifel*, 117 Hawai'i 92, 114 n.23, 176 P.3d 91, 113 n.23 (2008) ("[T]his court is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions." (quoting *In re Guardianship of Carlsmith*, 113 Hawai'i 211, 234-35, 151 P.3d 692, 715-16 (2007))).  Further, Ion attached documents to their opening brief that are not part of the record on appeal.  This court disregards appendices that are not part of the record, unless otherwise specified by the rule. Haw. R. App. P. 28(b)(10) ("Anything that is not part of the record shall not be appended to the brief, except as provided in this Rule."); *see Au Hoy v. Au Hoy*, No. 30486, 2013 WL 2650568, *1 n.2 (Hawai'i App. June 12, 2013) ("Insofar as any appendices are not part of the record, they are disregarded.").  Nevertheless, noncompliance with HRAP Rule 28 does not always result in dismissal of the claims, and "[t]his court . . . has consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" *Morgan v. Planning Dep't*, 104 Hawai'i 173, 180-81, 86 P.3d 982, 989-90 (quoting *O'Connor v. Diocese of Honolulu*, 77 Hawai'i 383, 386, 885 P.2d 361, 364 1994)).  Counsel for Ion is advised that future noncompliance with the rule may result in sanctions pursuant to HRAP Rule 51.

> (1)     For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against it.
>
> (2)     For Failure to prosecute or comply with these rules or any order of the court, the court may sua sponte dismiss an action or any claim with written notice to the parties.  Such dismissal may be set aside and the action or claim reinstated by order of the court for good cause shown upon motion duly filed not later than 10 days from the date of the order of dismissal.
>
> (3)     Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Haw. R. Civ. P. 41(b).  The Hawai'i Supreme Court has held that "absent deliberate delay, contumacious conduct or actual prejudice[,] an order of dismissal cannot be affirmed." *Blaisdell*, 125 Hawai'i at 48, 252 P.3d at 67.  "A dismissal of complaint is such a severe sanction, that it is to be used only in extreme circumstances when there is a 'clear record of delay or contumacious conduct . . . and where lesser sanctions would not serve the interests of justice.'"  *Ellis v. Harland Bartholomew and Assocs.*, 1 Haw. App. 420, 427, 620 P.2d 744, 749 (1980) (quoting *Bagalay v. Lahaina Restoration Found.*, 60 Haw. 125, 132, 588 P.2d 416, 422 (1978)); *cf. Hawaii Auto. Retail Gasoline Dealers Ass'n v. Brodie*, 2 Haw. App. 99, 101, 626 P.2d 1173, 1175 (1981) (affirming the trial court's dismissal under HRCP Rule 41(b), noting that "whatever action taken by appellant was in the artful dodging of diligent prosecution").

Here, the record does not show either deliberate delay or actual prejudice to the third-party defendant.  Ion argues that "it is very clear from the efforts of [Ion]'s counsel, . . . as evidence[d] by the persistent efforts he made on behalf of his client to move the case forward[.]"  Ion further asserts that it was Costales who was dilatory, "requiring continuous and repeated changes and extensions in the discovery schedule."  While this court will not consider Ion's improperly-attached documents, a review of the record on appeal does not show deliberate delay on Ion's part.  In fact, the record demonstrates that Ion made efforts to settle with Costales, and both parties placed

6

contingent settlement terms for the third-party complaint on the record on December 7, 2012. *See Compass Dev., Inc. v. Blevins,* 10 Haw. App. 388, 401-02, 876 P.2d 1335, 1341-42 (1994) (vacating and remanding a HRCP Rule 41(b) dismissal for want of prosecution because plaintiff engaged in settlement conferences, attempted to settle the matter out of court, and only needed to choose a trial date); *but see Brodie,* 2 Haw. App. at 101, 626 P.2d at 1175 (upholding an HRCP Rule 41(b) dismissal where plaintiff failed to depose defendant until the eve of trial and continued to dodge prosecution); *Ellis,* 1 Haw. App. at 428, 620 P.2d at 749 (affirming an HRCP Rule 41(b) dismissal where the record showed numerous motions to delay and postpone trial and affidavits stating plaintiff's unavailability for many proceedings). Additionally, neither Durda nor Costales submitted an answering brief claiming that they suffered actual prejudice in this case. Without deliberate delay on Ion's part, there is no basis to presume appellees suffered actual prejudice. *See Blaisdell,* 125 Hawai'i at 49-50, 252 P.3d at 68-69. Accordingly, the record does not show deliberate delay or actual prejudice.

Further, the record is void of contumacious conduct. "'Contumacious conduct' has been defined by this court as '[w]illfully stubborn and disobedient conduct.'" *Id.* at 50, 252 P.3d at 69 (*quoting Shasteen Inc. v. Hilton Hawaiian Village Joint Venture,* 79 Hawai'i 103, 107 n.7, 899 P.2d 386, 390 n.7 (1995)). Here, the record fails to demonstrate that Ion refused to comply with a court order, that it was even issued an order, or that Ion conducted itself in a defiant manner. *Id.* Accordingly, there is no indication in the record that Ion committed contumacious conduct warranting dismissal with prejudice.

Because the record does not reveal that: (1) Ion deliberately delayed the prosecution of this case; (2) appellees suffered actual prejudice; or (3) Ion's actions could be considered contumacious conduct, the Circuit Court "should have considered and explained why a lesser sanction, such as a dismissal without prejudice was insufficient to serve the interests of justice." *Id.* at 50-51, 252 P.3d at 69-70 (citing

to *Schilling v. Walworth Cty. Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986)). Here, the Circuit Court did not provide any explanation for its decision other than to cite Ion's failure to request a ruling on the third-party complaint. Furthermore, although the Circuit Court demonstrated patience and afforded Ion an opportunity to complete the settlement that they claimed repeatedly was imminent, a dismissal with prejudice is inconsistent with the Hawai'i Supreme Court's "policy of affording litigants the opportunity to have their cases heard on the merits, where possible[.]" *Id.* at 51, 252 P.3d at 70 (quoting *Housing Fin. & Dev. Corp. v. Ferguson*, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 111-12 (1999)). While the Circuit Court reasonably credited Durda's claim of entitlement to a final judgment, the court did not explain why HRCP Rule 54(b) certification was not sufficient. Therefore, the Circuit Court abused its discretion when it dismissed Ion's third-party complaint with prejudice.

IV.  CONCLUSION

Based on the foregoing, we vacate the February 13, 2013 Order issued by the Circuit Court of the First Circuit. We also vacate the February 25, 2013 Final Judgment and the March 21, 2013 Order to the extent that they pertain to the dismissal of the third-party complaint with prejudice. We affirm the February 25, 2013 Final Judgment and the March 21, 2013 Order in all other respects. We remand for further proceedings consistent with this memorandum opinion.

DATED:  Honolulu, Hawai'i, February 15, 2017.

On the briefs:

Grant H. Gibson
(G. Gibson & Associates, LLC)
for Defendants/Third-Party
Plaintiffs-Appellants, Ion
Genius, Inc. and Xanya Sofra-
Weiss.

Chief Judge

Associate Judge

Associate Judge

8